Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

**19SL-CC00385**

STATE OF MISSOURI          )
                           )
 ST. LOUIS COUNTY          )

**IN THE CIRCUIT COURT OF THE ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| RADHA GEISMANN, M.D., P.C., individually and on behalf of all others similarly-situated,<br><br>     Plaintiff,<br><br>v.<br><br>TIMM MEDICAL TECHNOLOGIES, INC.,<br>    Serve:  The Corporation Trust Company<br>              Corporation Trust Center<br>              1209 Orange St<br>              Wilmington, DE 19801<br>              New Castle County<br><br>JOHN DOES 1-10,<br><br>    Defendants. | Cause No. _____<br><br>Division<br><br><br>PROCESS SERVER |

**CLASS ACTION PETITION**

      Plaintiff, RADHA GEISMANN, M.D., P.C. ("Plaintiff"), brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, TIMM MEDICAL TECHNOLOGIES, INC., and JOHN DOES 1-10 ("Defendants"):

**PRELIMINARY STATEMENT**

      1.    This case challenges Defendants' practice of sending unsolicited facsimile advertisements.

1

EXHIBIT A

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

2.      The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from sending or having an agent send fax advertisements without the recipient's prior express invitation or permission ("advertising faxes" or "unsolicited faxes") and without a proper opt out notice.  The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.      Unsolicited faxes damage their recipients.  An advertising fax recipient loses the use of its fax machine, paper, and ink toner.  An unsolicited fax wastes the recipient's valuable time that would have been spent on something else.  An advertising fax interrupts the recipient's privacy.  Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.  An advertising fax consumes a portion of the limited capacity of the telecommunications infrastructure serving the victims of advertising faxing.

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion and Missouri consumer and fraud and deceptive business practices act Chapter 407.

5.      Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND PARTIES

6.      This court has personal jurisdiction over Defendants because Defendants transacts business within this state, have made contracts within this state, and/or have committed tortious acts within this state and otherwise have sufficient minimum contacts with the State of Missouri.

2

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

7.      Plaintiff RADHA GEISMANN, M.D., P.C., is a Missouri professional corporation with its principal place of business in Missouri.

8.      On information and belief, Defendant, TIMM MEDICAL TECHNOLOGIES, INC., is an Delaware corporation registered in Kansas as a foreign corporation, with its principal place of business in Kansas.

9.      On information and belief, Defendant, TIMM MEDICAL TECHNOLOGIES, INC., was formerly doing business as Pos-T-Vac Medical.

10.     Defendant, John Does 1-10 will be identified through discovery, but are not presently known.

## RELEVANT FACTS

11.     Defendants sent unsolicited facsimiles, including but not limited to the fax sent on or about the date of June 2, 2015, to Plaintiff in St. Louis County, Missouri.  A true and correct copy of the facsimiles are attached as Exhibit A (excluding any handwritten notations).  This is only an example of faxes sent by or on behalf of the Defendant to the Plaintiff.

12.     The transmission sent to Plaintiff on or about June 2, 2015 constitutes material advertising the commercial availability of any property, goods or services.

13.     On information and belief, Defendant has sent other facsimile transmissions of material advertising the commercial availability of property, goods, or services to Plaintiff and many other persons as part of a plan to broadcast fax advertisements, of which Exhibit A is an example.

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

14.     On information and belief, Defendants receive some or all of the revenues from the sale of the products, goods and services advertised on Exhibit A, and Defendants profit and benefit from the sale of the products, goods and services advertised on Exhibit A.

15.     On information and belief, Defendants faxed the same and other unsolicited facsimiles with opt-out language identical or substantially similar to the opt-out language of the fax advertisement attached hereto as Exhibit A to Plaintiff and at least 40 other recipients or sent the same and other advertisements by fax with the required opt-out language but without first receiving the recipients' express invitation or permission or without having an established business relationship as defined by the TCPA and its regulations.

16.     Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by  (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the faxes; (c) creating and approving the form of fax to be sent; and (d) determining the number and frequency of the facsimile transmissions.

17.     Defendants created or made Exhibit A and other fax advertisements, which Defendants distributed to Plaintiff and the other members of the class.

18.     Exhibit A and the other facsimile advertisements are a part of Defendants' work or operations to market Defendants' goods or services which were performed by Defendants and on behalf of Defendants.

19.     Exhibit A and the other facsimile advertisements constitute material furnished in connection with Defendants' work or operations.

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

20.     The transmission of facsimile advertisements, including Exhibit A, to Plaintiff did not contain a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements.

21.     The transmission of facsimile advertisements, including Exhibit A, to Plaintiff did not contain a notice that states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph 47 C.F.R. § 64.1200(a)(4)(iii) of this section is unlawful.

22.     The transmission of facsimile advertisements, including Exhibit A, to Plaintiff did not contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. § 64.1200(a)(4)(iii).

23.     The transmission of facsimile advertisements, including Exhibit A, to Plaintiff was required to contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. § 64.1200(a)(4)(iii).

24.     Defendant have never included any notice on any facsimile advertisements that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. § 64.1200(a)(4)(iii).

25.     On information and belief, Defendants sent multiple facsimile advertisements to Plaintiff and members of the proposed classes throughout the time period covered by the class definitions.

26.     On information and belief, Defendants faxed the same and other facsimile advertisements to the members of the proposed classes in Missouri and throughout the United States without first obtaining the recipients' prior express permission or invitation.

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

27.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unlawful faxes.   Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

28.     Defendants violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation and not displaying the proper opt out notice required by 47 C.F.R. § 64.1200.

29.     Defendants knew or should have known that:   (a) facsimile advertisements, including Exhibit A were advertisements; (b) Plaintiff and the other members of the class had not given their prior permission or invitation to receive facsimile advertisements; (c) No established business relationship existed with Plaintiff and the other members of the class; and (d) Defendants did not display a proper opt out notice.

30.     Defendants engaged in the transmissions of facsimile advertisements, including Exhibit A believing such transmissions were legal based on Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

31.     Defendants did not intend to send transmissions of facsimile advertisements, including Exhibit A to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

32.     Defendants failed to correctly determine the legal restrictions on the use of facsimile transmissions and the application of those restrictions to the transmission of facsimile advertisements, including Exhibit A both to others in general, and specifically to Plaintiff.

33.     The transmissions of facsimile advertisements, including Exhibit A to Plaintiff and other members of the class caused destruction of Plaintiff's property.

34.     The transmissions of facsimile advertisements, including Exhibit A to Plaintiff and other members of the class interfered with Plaintiff's and other members of the class' exclusive use of their property.

35.     The transmissions of facsimile advertisements, including Exhibit A to Plaintiff and other members of the class interfered with Plaintiff's and other members of the class' business and/or personal communications.

### COUNT I
### TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

36.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

37.     Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent by or on behalf of Defendants any telephone facsimile transmissions of material making known the commercial existence of, or making qualitative statements regarding any property, goods, or services (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendants does not have an established business relationship or (5) which were sent an advertisement by fax which did not display a proper opt out notice.

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

38.     A class action is warranted because:

a.      On information and belief, the class includes more than forty persons and is so numerous that joinder of all members is impracticable.

b.      There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

i.      Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

ii.     Whether Exhibit A and other faxes transmitted by or on behalf of Defendant contain material advertising the commercial availability of any property, goods or services;

iii.    Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

iv.     The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent Exhibit A and other unsolicited faxed advertisements;

v.      Whether Defendants faxed advertisements without first obtaining the recipients' prior express permission or invitation;

vi.     Whether Defendants violated the provisions of 47 U.S.C. § 227 or the regulations prescribed thereunder;

vii.    Whether Plaintiff and the other class members are entitled to statutory damages;

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

        viii.     Whether Defendants knowingly violated the provisions of 47 U.S.C. § 227 or the regulations prescribed thereunder;

        ix.     Whether Defendants should be enjoined from faxing advertisements in the future;

        x.     Whether the Court should award trebled damages; and

        xi.     Whether Exhibit A and the other fax advertisements sent by or on behalf of Defendants displayed the proper opt out notice required by 47 C.F.R. § 64.1200.

c.     Plaintiff's claims are typical of the other class members.

d.     Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

e.     A class action is the superior method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

39.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

40.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

41.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227(b)(1).

42.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission."  47 U.S.C. § 227(a)(4).

43.    The TCPA provides:

> <u>Private right of action</u>.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C)    Both such actions.

44.    The Court, in its discretion, may treble the statutory damages if the violation was knowing.  47 U.S.C. § 227.

45.    The TCPA is a strict liability statute and the Defendants are liable to Plaintiff and the other class members even if their actions were only negligent.

46.    Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' advertising faxes caused the recipients to lose paper and toner consumed in

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

the printing of Defendants' faxes.  Moreover, Defendants' actions interfered with Plaintiff's use of its fax machine and telephone line connected to that fax machine.  Defendants' faxes cost Plaintiff time, as Plaintiff and/or its employees wasted their time receiving, reviewing and routing Defendants' unlawful faxes.  That time otherwise would have been spent on Plaintiff's business activities.  Finally, Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

47.     Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to interfere with recipients' fax machines or consume the recipients' valuable time with Defendants' advertisements.

48.     If the court finds that Defendants knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph.  47 U.S.C. § 227(b)(3).

49.     Defendants knew or should have known that: (A) Plaintiff and the other class members had not given express permission or invitation for Defendants or anyone else to fax advertisements about Defendants' goods or services, (B) Defendants did not have an established business relationship with Plaintiff and the other members of the class, (C) Exhibit A and the other facsimile advertisements were advertisements, and (D) Exhibit A and the other facsimile advertisements did not display the proper opt out notice.

50.     Defendants violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A and the other facsimile advertisements hereto to Plaintiff and the other members of the class without obtaining

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

their prior express permission or invitation and not displaying the proper opt out notice required by 47 C.F.R. § 64.1200.

51.     Defendants knew or should have known that:  (a) documents Exhibit A and the other facsimile advertisements were advertisements; (b) Defendants did not obtain prior permission or invitation to send facsimile advertisements, including Exhibit A; (c) Defendants did not have an established business relationship with Plaintiff or the other members of the class and (d) Exhibit A and the other facsimile advertisements did not display a proper opt out notice.

52.     Defendants engaged in the transmissions of documents Exhibit A and the other facsimile advertisements believing such transmissions were legal based on Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

53.     Defendants did not intend to send transmissions of documents Exhibit A and the other facsimile advertisements to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of documents Exhibit A and the other facsimile advertisements were sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

54.     Defendants failed to correctly determine the legal restrictions on the use of facsimile transmissions and the application of those restrictions to the transmission of documents Exhibit A and the other facsimile advertisements both to others in general, and specifically to Plaintiff.

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

55.     Defendants' actions caused damages to Plaintiff and the other class members, because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner consumed as a result.  Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' unauthorized purpose.  Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing and reviewing Defendants' unauthorized faxes and that time otherwise would have been spent on Plaintiff's business activities.  Finally, the injury and property damage sustained by Plaintiff and the other members of the class occurred outside of Defendants' premises.  Pursuant to law, Plaintiff, and each class member, instead may recover $500 for each violation of the TCPA.

56.     **Opt-Out Notice Requirements.** The JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in § (b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

(1)     A statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

(2)     A statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

(3)     A statement advising the recipient that he or she may opt-out with respect to all of his or her facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or her fax machines;

(4)     The opt-out language must be conspicuous.

The requirement of (1) above is incorporated from § (b)(D)(ii) of the Act. The requirement of (2) above is incorporated from § (b)(D)(ii) of the Act and the rules and regulations of the Federal Communications Commission (the "FCC") in ¶ 31 of its 2006 Report and Order (*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005,* 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (3) above are contained in § (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via § (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon the owners of the telephone lines and fax machines giving them the right, and means, to stop unwanted faxed advertisements.

57.     **2006 FCC Report and Order.** The JFPA, in § (b)(2) of the Act, directed the FCC to implement regulations regarding the JFPA, including the JFPA's Opt-Out Notice Requirements and the FCC did so in its 2006 Report and Order, which in addition provides among other things:

A.     The definition of, and the requirements for, an established business relationship for purposes of the first of the three prongs of an exemption to liability under § (b)(1)(C)(i) of the Act and provides that the lack of an "established business relationship"

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 8-12 and 17-20);

      B.      The required means by which a recipient's facsimile telephone number must be obtained for purposes of the second of the three prongs of the exemption under § (b)(1)(C)(ii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 13-16);

      C.      The things that must be done in order to comply with the Opt-Out Notice Requirements for the purposes of the third of the three prongs of the exemption under § (b)(1)(C)(iii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 24-34);

WHEREFORE, Plaintiff, RADHA GEISMANN, M.D., P.C., individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, TIMM MEDICAL TECHNOLOGIES, INC. and JOHN DOES 1-10, as follows:

      A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

      B.      That the Court award between $500.00 and $1,500.00 in damages for each violation of the TCPA;

      C.      That the Court enter an injunction prohibiting the Defendants from engaging in the statutory violations at issue in this action; and

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

D.      That the Court award costs and such further relief as the Court may deem just and proper.

E.      That the Court award pre-judgment and post-judgment interest at the statutory rate of 9%.

## COUNT II
## DECLARATORY RELIEF

58.      Plaintiff incorporates by reference all allegations of all preceding paragraphs as if fully set forth herein.

59.      As a result of Defendants' actions, described herein, a justiciable controversy that presents a real, substantial, presently-existing controversy admitting of specific relief, and Plaintiff and the Class have legally protectable interests at stake.

60.      A declaration that Defendants' actions, as described herein, violate the TCPA is warranted.

## COUNT III
## CONVERSION

61.      Plaintiff incorporates Paragraphs 3 and 4, 11, 16 – 19, 25 – 27 and 30 – 35 as for its paragraph 61.

62.      Plaintiff brings Count III for conversion under the common law for the following class of persons:

> All persons who on or after five years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendants with respect to whom Defendants cannot provide evidence of prior express permission or invitation.

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

63.    A class action is proper in that:

a.    On information and belief the class is so numerous that joinder of all members is impracticable.

b.    There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

i.    Whether Defendants engaged in a pattern of sending unsolicited faxes;

ii.    Whether Defendants sent faxes without obtaining the recipients' prior express permission or invitation of the faxes;

iii.    The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxes;

iv.    Whether Defendants committed the tort of conversion; and

v.    Whether Plaintiff and the other class members are entitled to recover actual damages and other appropriate relief.

c.    Plaintiff's claims are typical of the other class members.

d.    Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

e.    A class action is the superior method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

prosecution of separate claims is small and individual actions are not economically feasible.

64.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

65.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

66.     By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

67.     Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other class members owned an unqualified and immediate right to possession of their fax machine, paper, toner, and employee time.

68.     By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use.  Such misappropriation was wrongful and without authorization.

69.     Defendants knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

70.     Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose.  Plaintiff

18

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

and each class member thereby suffered damages as a result of the sending of unsolicited fax advertisements from Defendants.

71.     Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' unlawful faxes.  Defendants knew or should have known employees' time is valuable to Plaintiff.

72.     Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner as a result.  Defendants' actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendants was using Plaintiff's fax machines for Defendants' unlawful purpose.  Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unlawful faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, RADHA GEISMANN, M.D., P.C., individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, TIMM MEDICAL TECHNOLOGIES, INC. and JOHN DOES 1-10, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award appropriate damages;

C.     That the Court award costs of suit; and

D.     Awarding such further relief as the Court may deem just and proper.

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

## COUNT IV
## MISSOURI CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### Chapter 407

73.     Plaintiff incorporates Paragraphs 3 and 4, 11, 16 – 19, 25 – 27 and 30 – 35 as for its

paragraph 73.

74.     In accordance with Chapter 407, Plaintiff, on behalf of the following class of

persons, bring Count IV for Defendants' unfair practice of sending unsolicited and unlawful fax

advertisements:

> All persons who on or after four years prior to the filing of this action, were sent
> telephone facsimile messages by or on behalf of Defendants with respect to whom
> Defendants cannot provide evidence of prior express permission or invitation.

75.     A class action is proper in that:

   a.      On information and belief the class consists of over 40 persons in Missouri

and throughout the United States and is so numerous that joinder of all members is

impracticable.

   b.      There are questions of fact or law common to the class predominating over

all questions affecting only individual class members including:

      i.      Whether Defendants engaged in a pattern of sending unsolicited

faxes;

      ii.      The manner and method Defendants used to compile or obtain the

list of fax numbers to which it sent Exhibit A and other unsolicited faxes;

      iii.      Whether Defendants' practice of sending unsolicited faxes violates

Missouri public policy;

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

      iv.     Whether Defendants' practice of sending unsolicited faxes is an unfair practice under the Missouri Merchandising Practices Act (MMPA), Chapter 407 RSMO; and

      v.     Whether Defendants should be enjoined from sending unsolicited fax advertising in the future.

c.     Plaintiff's claims are typical of the other class members.

d.     Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

e.     A class action is the superior method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

76.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

77.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

78.     Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return.  Defendants' practice effectively forced Plaintiff and the other class members to pay for Defendants' advertising campaign.

79.     Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

80.     Defendants' misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

81.     Defendants' actions caused damages to Plaintiff and the other class members because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner consumed as a result.  Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' unlawful purpose.  Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unlawful faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, RADHA GEISMANN, M.D., P.C., individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, TIMM MEDICAL TECHNOLOGIES, INC. and JOHN DOES 1-10, as follows:

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.      That the Court award damages to Plaintiff and the other class members;

C.      That the Court award treble damages to Plaintiff and the other class members for willful or knowing violations of the TCPA;

D.      That the Court declare that Defendants' conduct violated the TCPA and that this action is just and proper;

E.      That the Court award damages for conversion of the plaintiffs and the class for violation of their rights;

F.      That the Court award attorney fees and costs;

G.      That the Court award all expenses incurred in preparing and prosecuting these claims;

H.      That the Court enter an injunction prohibiting Defendants from sending faxed advertisements; and

I.      Awarding such further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Max G. Margulis
Max G. Margulis, #24325
**MARGULIS LAW GROUP**
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P:  (636) 536-7022 - Residential
F:  (636) 536-6652 - Residential
E-Mail: MaxMargulis@MargulisLaw.com
*Attorneys for Plaintiff*

23

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

<u>Of Counsel</u>
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Phone:  (847) 368-1500
Fax:  (847) 368-1501
E-Mail: bwanca@andersonwanca.com

## **CERTIFICATE OF SERVICE**

The undersigned verifies that the attorney named above signed the original of this document, and the original is maintained at the office of the attorney.  I hereby certify that a copy of the foregoing was sent to the Defendant TIMM MEDICAL TECHNOLOGIES, INC. by the process server.

/s/ Max G. Margulis

Electronically Filed - St. Louis County - January 28, 2019 - 10:16 AM

*Geismann*

350 a    X

# FAX

| Date: | 06/02/2015 |
|-------|------------|

| Pages including cover sheet: | 2 |
|------------------------------|---|

| **To:** | +13148729174 |
|---------|--------------|
| | |
| | |
| | |
| | |
| | |
| **Phone** | |
| **Fax Number** | +13148729174 |

| **From:** | Jenifer Schrock |
|-----------|-----------------|
| | Pos-T-Vac Medical |
| | 500 Park St |
| | DODGE CITY |
| | KS          67801 |
| | |
| **Phone** | (877) 488-8390 * 101 |
| **Fax Number** | (877) 488-8390 |

| **NOTE:** | |
|-----------|---|

Medicare Changes

Send and receive faxes with RingCentral, www.ringcentral.com

**RingCentral**

Geismann

350 b X

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

# POS-T-VAC MEDICAL

 

## *MEDICARE STOPS COVERAGE*

As of July 1, 2015 Medicare is no longer reimbursing for Vacuum Erection Devices.  VED's were the last treatment option covered for ED.  Your patients are still looking for treatment even though CMS has discontinued reimbursement.  Men will still want to regain their intimate lifestyle.

Pos-T-Vac Medical has a complete line of affordable OTC Vacuum Erection Devices to meet their needs.  Both manual and battery powered are available.  Please call 855-440-6661 to order or for more information.

Our preferred online provider:
- rejoynmedical.com

Also available at:
- postvac.com
- drugstore.com
- walgreens.com

Thank you,
Jennifer Schrock
General Manager

(More information available upon request.)

Pos-T-Vac
Medical

500 Park Street
Dodge City, KS 67801
Ph: 800-279-7434
www.postvac.com

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

**19SL-CC00385**

### IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
### STATE OF MISSOURI

RADHA GEISMANN, M.D., P.C., individually and on
behalf of all others similarly-situated,

Cause No. _____

     Plaintiff,

Division

v.

TIMM MEDICAL TECHNOLOGIES, INC.,
and JOHN DOES 1-10,

     Defendants.

### <u>MOTION FOR CLASS CERTIFICATION</u>

COMES NOW Plaintiff, individually and on behalf of all others similarly situated, by
and through its undersigned counsel, and for its Motion for Class Certification, states

1. This cause should be certified as a class because all of the necessary elements of
Rule 52.08 are met.

2. Plaintiff requests that the Court certify a class, so the common claims of the Class
members, based on a uniform legal theory and factual allegations applicable to all Class
members, can be resolved on a class-wide basis.

3. Plaintiff proposes the following Class definition:

> All persons who (1) on or after four years prior to the filing of this action,
> (2) were sent by or on behalf of Defendants any telephone facsimile
> transmissions of material making known the commercial existence of, or
> making qualitative statements regarding any property, goods, or services
> (3) with respect to whom Defendants cannot provide evidence of prior
> express permission or invitation for the sending of such faxes, (4) whom
> Defendants does not have an established business relationship or (5)
> which were sent an advertisement by fax which did not display a proper opt
> out notice.

4. Under Rule 52.08(a)(1), to bring a Class action, the Class must be "so numerous
that joinder of all members is impracticable." Rule 52.08(a)(1).  Here, there are at least hundreds

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

of persons who fall within the Class definition.  Thus, the numerosity requirement of Rule

52.08(a)(1) is satisfied.

5.    There are questions of law or fact common to the Class members.

6.    The claims or defenses of the representative parties are typical of the claims or

defenses of this Class.

7.    Plaintiff and its counsel will fairly and adequately protect the interest of the Class.

8.    Common issues of law or fact predominate over any individual issues, and a class

action is the superior method for the fair and efficient adjudication of this controversy.

9.    The prosecution of separate actions by individual members of the class would

create a risk of inconsistent or varying adjudications which would establish incompatible

standards of conduct for the party opposing the class.

10.    The prosecution of separate actions by individual members of the class would

create a risk of adjudications with respect to individual members of the class which would as a

practical matter be dispositive of the interests of the other members not parties to the

adjudications or substantially impair or impede their ability to protect their interests.

11.    Plaintiff requests additional time to file an Amended Class Certification Motion

and Memorandum of Law after the Court sets up an appropriate discovery schedule.  Written

discovery related to class certification issues is presently outstanding.

WHEREFORE, Plaintiff prays that this Court certify this case as a class action, grant

statutory injunctive relief prohibiting Defendants from sending advertising materials via fax to

members of the class, and further pray that the Court appoint Plaintiff as Class Representative,

appoint Plaintiff's attorneys Class Counsel; that this Court allow Plaintiff additional time, for

completion of discovery related to class certification issues, to file an Amended Class

Certification Motion and Memorandum of Law; and for such other and further relief as the Court

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

deems appropriate under the circumstances.

In the alternative if the Court determines that this class certification motion be dismissed without prejudice as being premature, the Plaintiff requests that the Court issue an order that Defendant not be allowed to make an offer of judgment or a settlement offer until the Court sets a scheduling order and the Plaintiff is allowed time to conduct discovery and file a future class certification motion pursuant to the Court's scheduling order and that the future class certification motion will relate back to the filing of the original class certification motion.

Respectfully submitted,

<div align="center">

<u>/s/ Max G. Margulis</u>
Max G. Margulis, #24325
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P:  (636) 536-7022 – Residential
F:  (636) 536-6652 – Residential
E-Mail:  MaxMargulis@MargulisLaw.com

</div>

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
P: (847) 368-1500
F: (847) 368-1501
E-Mail: bwanca@andersonwanca.com

<div align="center">

**<u>CERTIFICATE OF SERVICE</u>**

</div>

The undersigned verifies that the attorney named above signed the original of this document, and the original is maintained at the office of the attorney.  I hereby certify that a copy of the foregoing was sent to the Defendant TIMM MEDICAL TECHNOLOGIES, INC. by the process server.

<div align="center">

<u>/s/ Max G. Margulis</u>

</div>

**19SL-CC00385**

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

IN THE CIRCUIT COURT
FOR THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

RADHA GEISMANN, M.D., P.C., individually and on
behalf of all others similarly-situated,

      Plaintiff,

v.

TIMM MEDICAL TECHNOLOGIES, INC.,
and JOHN DOES 1-10,

      Defendants.

Cause No. _____

Division

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT**
**OF ITS MOTION FOR CLASS CERTIFICATION**

NOW COMES Plaintiff, pursuant to Rule 52.08 of the Missouri Supreme Court Rules,

and submits this Memorandum of Law in Support of its Motion for Class Certification.

**INTRODUCTION**

Recent developments in class action practice make necessary the filing of this motion

with the petition. Defendants in class litigation have resorted to making individual settlement

offers to named plaintiffs before a class action is certified in an attempt to "pick-off" the putative

class representative and thereby derail the class action litigation. Most courts have rejected these

pick-off attempts and have held that the filing of a motion for class certification with the initial

petition or within a number of days after service of any settlement offer to a named plaintiff

staves off offers of judgment to the named plaintiff. Any settlement offer made after the filing of

the motion for class certification must be made on a class-wide basis. *See Alpern v. UtiliCorp*

*United*, 84 F.3d 1525 (8th Cir. 1996); *March v. Medicredit*, 2013 WL 6265070 at *4 (E.D. Mo.

Dec. 4, 2013)("Putative class action plaintiffs would be wise to immediately file such motions to

1

protect the class from similar motions to dismiss based on offers of judgment"); *Geismann v. Be-Thin, Inc.*, No. 4:15CV00615 ERW (E.D. Mo. May 11, 2015); *Lafollette v. Liberty Mut. Fire Ins. Co.*, 2015 No. 2:14CV04147 NKL (W.D. Mo. Jan. 9, 2015) (Order striking a defendant's Rule 68 offer of judgment to only the named plaintiff prior to class certification and denying the defendant's motion to dismiss the named plaintiff's claims as moot); *Prater v Medicredit*, 2014 WL 3973863, at *6-7 (E.D. Mo. Aug. 14, 2014) (citing *March*, 2013 WL 6265070, at *4); *Goans Acquisition, Inc. v. Merch. Solutions, LLC*, 12-00539-CV-S-JTM, 2013 WL 5408460 at *6 n.4 (W.D. Mo. Sept. 26, 2013) (quoting *Damasco v. Clearwater Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).   *E.g. Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011), replaced with *Chapman v. First Index, Inc.*, 2015 WL 4652878, ---F.3d--- (7th Cir. 2015); *Hooks v. Landmark Industries, Inc.*, 797 F.3d 309 (U.S.  5th Crt Appeals 2015), *Weiss v. Regal Collections*, 385 F. 3d 337, 344 n.12 (3d Cir. 2004); *see Jancik v. Cavalry Portfolio Servs.*, 2007 WL 1994026, at *2–3 (D. Minn. July 3, 2007) *Harris v. Messerli & Kramer, P.A.*, 2008 WL 508923, at *2–3 (D. Minn. Jan. 2, 2008) (same); *Johnson v. U.S. Bank Nat'l Assn.*, 276 F.R.D. 330, 333-335 (D. Minn. 2011) (same). *See also Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249 (10th Cir. 2011); *Mey v. Monitronics Int'l, Inc.*, 2012 WL 983766, at *4-5 (N.D. W.Va. Mar. 22, 2012); *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 723 F.Supp.2d 1020, 1029 (N.D. Ohio 2010); *McDowall v. Cogan*, 216 F.R.D. 46, 48-50 (E.D. N.Y. 2003).   The issue is presently pending before the United States Supreme Court, *Gomez v. Campbell-Ewald Co.,* 768 F.3d 871 (9th Cir.2014), cert. Granted, ---U.S.---, 135 S.Ct 2311, 191 L.Ed.2d 977 (2015).

Plaintiff has served discovery but no responses have been filed.  Plaintiff has not been afforded the opportunity to develop a full factual record in this case. Plaintiff will supplement its motion and brief in support of class certification after class wide discovery has been completed

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

and as directed by a scheduling order entered by the court. Until then, Plaintiff cites to its Class Action Petition.

## ARGUMENT

**I.      Standards governing class certification.**

The Missouri Supreme Court has noted that class actions are "designed to promote judicial economy by permitting the litigation of the common questions of law and fact of numerous individuals in a single proceeding." *State ex rel. Union Planters Bank, N.A. v. Kendrick*, 142 S.W.3d 729, 735 (Mo.banc 2004).  "Class actions … permit the plaintiffs to pool claims which would be uneconomical to litigate individually.  [M]ost of the plaintiffs would have no realistic day in court if a class action were not available." *Phillips Petroleum v. Shutts*, 472 U.S. 797, 808-809 (1985).  Moreover, "[b]ecause class certification can be modified as the case progresses, courts should err in favor of, and not against, certifying a class." *Doyle v. Fluor Corp.*, 199 S.W.3d 784, 787-88 (Mo. App. 2006).

**II.      The weight of authority favors certification.**

Courts in Missouri have certified TCPA cases.  *See Fun Services of Kansas City, Inc. v. Parrish Love d/b/a Asphalt Wizards* Case No. 0816CV00064 (Cir. Ct. Jackson Cty, Mo. May 24, 2010), Interlocutory Appeal #WD72566 was denied by Missouri Court of Appeals on June 23, 2010, writ was filed by Defendant in the Missouri Supreme Court #SC91037 and was denied on August 31, 2010; *Clean Carton Co., Inc., et al. v. Prime TV, LLC, et al.* Case No 01AC-11582 2004 TCPA Rep. 1294 (Mo. Cir. July 13, 2004).   Judge Nixon certified a TCPA class and appellate review was denied.  *Missouri Information Solutions, Inc. v. KC Subs, Inc.*, Case No. 0516-CV17319, 2008 WL 5631046 (Cir. Ct. Jackson, Cty, Mo. Dec. 16, 2008), *petition for interlocutory appeal denied*, (Jan. 22, 2009 Mo. Ct. of Appeals, Western Dist., Class Action Division).  See also *Karen S. Little, LLC v. Drury Inns, Inc.*, 2010 WL 98002 (Mo. App. E.D.

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

Jan. 12, 2010).

## III.     The proposed class.

Plaintiff proposes the following class definitions:

> All persons who (1) on or after four years prior to the filing of this
> action, (2) were sent by or on behalf of Defendants any telephone
> facsimile transmissions of material making known the commercial
> existence of, or making qualitative statements regarding any
> property, goods, or services (3) with respect to whom Defendants
> cannot provide evidence of prior express permission or invitation
> for the sending of such faxes, (4) with whom Defendants does not
> have an established business relationship or (5) which were sent an
> advertisement by fax which did not display a proper opt out notice.

The Court should certify the Class, so this controversy can be resolved in a single action, rather
than through separate individual actions.

## IV.     The Court should certify the TCPA claims for classwide resolution.

In order to maintain a class action, Plaintiff must show (1) that the class is so numerous
that joinder of all members is impracticable, (2) that there are questions of law or fact common to
the class, (3) that the representative party's claims are typical to those of the class, (4) that the
representative party will fairly and adequately protect the interests of the class, and (5) only one
of three 52.08(b) elements, which are risks of inconsistent adjudications; the appropriateness of
final injunctive or declaratory relief with respect to the class as a whole; and predominance of
common questions of fact or law.  *See* Rule 52.08 of the Missouri Supreme Court Rules.  Each of
the elements is satisfied here.

### A.     Numerosity.

Under Rule 52.08(a)(1), to bring a class action, the class must be "so numerous that
joinder of all members is impracticable." Rule 52.08(a)(1). Plaintiff must show only that joinder
is impracticable through some evidence or reasonable, good faith estimate of the number of
purported class members. *Dale v. DaimlerChrysler Corp.*, 204 S.W.3d 151, 167 (Mo. App.

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

2006). *See* Class Action Petition, ¶¶ 11-21, 37.a and Exhibits A1a through B14. Rule 52.08(a)(1)'s numerosity requirement is satisfied because individual joinder of those persons would be impracticable.

**B.      Commonality.**

While relief to the various members of a class need not be uniform, the requisite commonality of law or fact must be present. *Grosser, Inc*, 647 S.W.2d 911. This does not mean that all class members must be identically situated. *Renstcher v. Carnahan*, 160 F.R.D. 114, 116 (E.D. Mo. 1995). Further, factual differences are not fatal to maintenance of the class action if common questions of law or fact exist. Because a single issue common to all class members is all that is required, commonality is easily met in most cases. *Renstcher*, 160 F.R.D. at 116; *Crain v. Missouri State Employees Retirement System*, 613 S.W.2d 912 (Mo. App. 1981). *See* Class Action Petition, ¶¶ 37.b. i-x.

a.    Whether Defendants violated the TCPA by faxing advertisements without first obtaining express invitation or permission to do so;

b.    Whether Plaintiff and the other class members are entitled to statutory damages;

c.    Whether Defendants violated the TCPA by faxing advertisements without a compliant opt-out notice; and

d.    Whether Defendants' acts were "willful" or "knowing" under the TCPA and, if so, whether Plaintiff and the other class members are entitled to trebled damages.

**C.      Typicality.**

In order to meet the typicality requirement, a class representative must "be part of the class and possess the same interest and suffer the same injury as the class members." *Koger v. Hartford Life Ins. Co.*, 28 S.W.3d 405, 410 (Mo. App. 2000). The named plaintiff and the other members of the class need only share an interest in prevailing on similar legal claims. *Phillips v.*

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

*Hallmark Cards, Inc.*, 722 S.W.2d 86 (Mo. App. 1986). Here, typicality is inherent in the class definition.  Each of the class members was subjected to the same conduct.  Each member's claim is based on the same legal theory as Plaintiff's.

> **D.      Adequacy of representation.**

Because a class action affects the rights of absent class members, Missouri Rule 52.08 (a)(4), like its federal counterpart, requires the trial court to determine whether the representative party will fairly and adequately represent the interests of the class. *Rule* 52.08(a)(4); *Kendrick*, 142 S.W.3d at 735.  Adequacy of representation is a fact issue that must be determined under the circumstances of each case. *Craft v. Philip Morris Cos., Inc.*, 190 S.W.3d 368, 379 (Mo. App. 2005), citing *City of O'Fallon v. Bethman*, 569 S.W.2d 295, 299 (Mo. App. 1978).

Here, Plaintiff and the other class members seek statutory damages under the TCPA. Plaintiff understands its obligations and the nature of the claims, is involved in the litigation, and is interested in representing the class and enforcing the TCPA.  Further, Plaintiff's counsel are experienced TCPA class action lawyers and they are adequate counsel for the class.  Plaintiff's counsel have been litigating TCPA claims for many years.  They have prosecuted dozens of these cases to successful resolution.  They have successfully litigated insurance coverage actions about TCPA claims as well.  Plaintiff's counsel will continue to commit adequate resources (staffing and monetary) to ensure that the class is properly represented. *See* Class Action Petition, ¶ 38. Therefore, Rule 52.08 (a)(4)'s "adequacy" requirement is satisfied.

> **E.      Rule 52.08(b) requirements.**

To maintain a class action in Missouri, plaintiff must prove only one of the three 52.08(b) elements.  These elements are identical to those in Federal Rule 23, and involve the risks of inconsistent adjudications ((b)(1)); the appropriateness of final injunctive or declaratory relief with respect to the class as a whole ((b)(2)); and predominance of common questions of fact or

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

law ((b)(3)). Plaintiff seeks certification under (b)(1) and (b)(3). *See* Class Action Petition, ¶¶ 37-39.

Common fact issues predominate in this case because the class members' claims are focused on Defendant's fax advertising campaigns. Further, from the perspective of the court system and the class members, a class action is superior to individual actions because the maximum recovery for each class member is $1,500 and the TCPA does not allow for fee shifting. Certification of this case as a class action would further the purposes of Rule 52.08. *See* Class Action Petition, ¶¶ 37-39.

## CONCLUSION

All the class members were treated the same by the same course of conduct by Defendant.  The mandatory elements of Rule 52.08" are met.  *Missouri Information*, 2008 WL 5631046 at 15.

Here, the circumstances are nearly identical.  The proposed class meets the requirements of Rules 52.08.  Therefore, Plaintiff requests that the Court certify the class, appoint Plaintiff as the class representative, and appoint Plaintiff's attorneys as class counsel.

Respectfully submitted,

_____/s/ Max G. Margulis_____
Max G. Margulis, #24325
**MARGULIS LAW GROUP**
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P:  (636) 536-7022 – Residential
F:  (636) 536-6652 – Residential
E-Mail:  MaxMargulis@MargulisLaw.com
*Attorney for Plaintiff*

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
P: (847) 368-1500
F: (847) 368-1501
E-Mail: bwanca@andersonwanca.com


<u>**CERTIFICATE OF SERVICE**</u>

    The undersigned verifies that the attorney named above signed the original of this document, and the original is maintained at the office of the attorney.  I hereby certify that a copy of the foregoing was sent to the Defendant TIMM MEDICAL TECHNOLOGIES, INC. by the process server.


                    <u>        /s/ Max G. Margulis        </u>

**19SL-CC00385**

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

| | |
|---|---|
| RADHA GEISMANN, M.D., P.C., | January 28, 2019 |
| Plaintiff/Petitioner | Date |
| | |
| vs. | Case Number |
| | |
| TIMM MEDICAL TECHNOLOGIES, INC., | |
| Defendant/Respondent | Division |
| and John Does 1-10 | |

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now ___Max G. Margulis, Attorney for Plaintiff___, pursuant
Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
Michelle McLean, Romona Talvacchio, Stephen A. Kempski, Judicial Attorney Services Inc.

Name of Process Server        Address                                    Telephone

1201 N. Orange St., Ste 714, Wilmington, DE 19801   P: 877-659-3448

Name of Process Server        Address or in the Alternative              Telephone

Name of Process Server        Address or in the Alternative              Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties. This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE: Corporation Trust Comp.. Reg Agent
Corporation Trust Center
Name
1209 Orange St
Address
Wilmington, DE 19801
City/State/Zip  New Castle County

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip  County

SERVE:

Name

Address

City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By _____
        Deputy Clerk

Date _____

*Max G. Margulis*

Attorney/Plaintiff/Petitioner
Max G. Margulis                                   24325
Bar No. 28 Old Belle Monte Rd.  Chesterfield, MO 63017
Address (636) 536-7022 Residential      (636) 536-6652 Residential
Phone No.   MaxMargulis@Marguilislaw.com Fax No.

CCADM62   Rev. 03/06      WHITE – File        YELLOW-Special Process Server   PINK - Attorney/Petitioner

**19SL-CC00385**

Electronically Filed - St Louis County - January 28, 2019 - 10:16 AM

In the

# CIRCUIT COURT
## Of St. Louis County, Missouri

RADHA GEISMANN, M.D., P.C., | January 28, 2019
Plaintiff/Petitioner | Date

vs. | Case Number

TIMM MEDICAL TECHNOLOGIES, INC.,
Defendant/Respondent | Division
and John Does 1-10

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __Max G. Margulis, Attorney for Plaintiff_____, pursuant
Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
Michelle McLean, Romona Talvacchio, Stephen A. Kempski, Judicial Attorney Services Inc.

Name of Process Server | Address | Telephone

1201 N. Orange St., Ste 714, Wilmington, DE 19801   P: 877-659-3448

Name of Process Server | Address or in the Alternative | Telephone

Name of Process Server | Address or in the Alternative | Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE: Corporation Trust Comp.. Reg Agent
Corporation Trust Center
Name
1209 Orange St
Address
Wilmington, DE 19801
City/State/Zip New Castle County

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip   County

SERVE:

Name

Address

City/State/Zip

Appointed as requested:

**JOAN M. GILMER**, Circuit Clerk

By */s/Gloria Jackson*
Deputy Clerk

2/01/19

Date

*Max G. Margulis*

Attorney/Plaintiff/Petitioner
Max G. Margulis                               24325
Bar No. 28 Old Belle Monte Rd.   Chesterfield, MO 63017
Address (636) 536-7022 Residential          (636) 536- 6652 Residential
Phone No.    MaxMargulis@Margulislaw.com Fax No.

CCADM62   Rev. 03/06        WHITE – File        YELLOW-Special Process Server   PINK - Attorney/Petitioner



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOHN ROBERT LASATER | Case Number:  19SL-CC00385 |
|---|---|
| Plaintiff/Petitioner:<br> RADHA GEISMANN, M.D., P.C.<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO  63017 |
| Defendant/Respondent:<br> TIMM MEDICAL TECHNOLOGIES, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

### Summons in Civil Case

**The State of Missouri to:  TIMM MEDICAL TECHNOLOGIES, INC.**

Alias:

**THE CORPORATION TRUST COMPANY**
**CORP TRUST CNTR 1209 ORANGE ST**
**WILMINGTON, DE  19801**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
    **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>01-FEB-2019</u>
**Date**

**Further Information:**
**GJ**

_____
**Clerk**

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
<div align="center">Date                                    Notary Public</div>

---

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Judicial Attorney Services Inc.
2100 Manchester Rd., Ste 505
Wheaton, IL 60187
Phone: (630) 221-9007
Fax: (630) 818-2806
Email: office@ProcessServer.pro

# INVOICE

Electronically Filed - St Louis County - February 26, 2019 - 06:23 PM

| **Bill To** | **DATE:** 2/26/2019 |
|---|---|
| Max Margulis | |
| Margulis Law Group | **INVOICE #:** 243465 |
| 28 Old Belle Monte Rd | |
| Chesterfield, MO 63017 | **TOTAL DUE:** $42.05 |
| (636) 536-7022 | |
| Fax: (636) 536-6652 | |

| **0-30 Days** | **31+** | **61+** | **91+** |
|---|---|---|---|
| $42.05 | $0.00 | $0.00 | $0.00 |

Case #: 19SL-CC00385
Plaintiff: Radha Geismann, M.D., P.C.
Defendant: Timm Medical Technologies, Inc.

Date Received: 2/22/2019   Date Completed: 02/25/2019
Client Reference #:
Serve To: Timm Medical Technologies, Inc. c/o The Corporation Trust Company

| Job # | Job Description | Qty | Price | Total |
|---|---|---|---|---|
| 399633 | Printing fee | 47 | $0.15 | $7.05 |
| 399633 | Process service fee | 1 | $35.00 | $35.00 |

Amount Due: **$42.05**

TERMS: Your credit card will be charged based on your agreement form
FEIN: 36-4438788

Pay your invoice securely online at www.PayJudicial.com or via PayPal at paypal.me/judicial or send us an electronic payment through Chase QuickPay or any Zelle supported bank to office@ProcessServer.pro. We provide nationwide process service.

Your Judicial Attorney Services, Inc. receipt [#1863-6133]

**Subject:** Your Judicial Attorney Services, Inc. receipt [#1863-6133]
**From:** "Judicial Attorney Services, Inc." <receipts+tB34iBDZFbMl06DmXKXh@stripe.com>
**Date:** 2/26/2019 9:04 AM
**To:** maxmargulis@marguislaw.com



## Receipt from Judicial Attorney Services, Inc.

Receipt #1863-6133

| AMOUNT PAID | DATE PAID | PAYMENT METHOD |
|---|---|---|
| $42.05 | February 26, 2019 | **VISA** – 0071 |

SUMMARY

| | |
|---|---|
| Amount | $42.05 |
| **Amount paid** | **$42.05** |

If you have any questions, contact us at office@processserver.pro or call at +1 630-221-9007.

Something wrong with the email? View it in your browser.

You're receiving this email because you made a purchase at Judicial Attorney Services, Inc.. Judicial Attorney Services, Inc. partners with Stripe to provide secure invoicing and payments processing.

Stripe, 510 Townsend Street, San Francisco CA 94103

Electronically Filed - St. Louis County - February 26, 2019 - 06:23 PM

Electronically Filed - St. Louis County - February 26, 2019 - 06:23 PM

## AFFIDAVIT OF SERVICE

**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**          **Case #: 19SL-CC00385**

**Radha Geismann, M.D., P.C.**

Plaintiff

vs.

**Timm Medical Technologies, Inc.**

Defendant

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all the times herein mentioned was a citizen of the United States, over the age of 18, not a party to nor interested in the above entitled action, is competent to be witness therein, and that I served copies of the:

**Summons & Class Action Petition; Motion For Class Certification; Plaintiff's Memorandum of Law in Support of its Motion For Class Certification;**

PARTY SERVED: **TIMM MEDICAL TECHNOLOGIES, INC. C/O THE CORPORATION TRUST COMPANY**

PERSON SERVED: **AMY MCLAREN , CORPORATE OPERATIONS MANAGER**

METHOD OF SERVICE: **Corporate** - By leaving copies with the person identified above who stated they were authorized to accept service.

DATE & TIME OF DELIVERY: **02/25/2019 at 12:13 PM**

ADDRESS, CITY AND STATE: **1209 ORANGE STREET, WILMINGTON, DE 19801**

DESCRIPTION: **White, Female, 37, 5'6", 140 lbs, Brown hair**

I declare under penalties of perjury that the information contained herein is true and correct.

_Ramona Talvacchio_

Ramona Talvacchio
Judicial Attorney Services, Inc.
2100 Manchester Rd., Ste 505
Wheaton, IL 60187
(630) 221-9007

SUBSCRIBED AND SWORN to before me on the 26th day of February, 2019.

NOTARY PUBLIC

JOSEPH TALVACCHIO JR
Notary Public
State of Delaware
My Commission Expires on Jun 2, 2019

CLIENT: **Margulis Law Group**
FILE #:                                                                                                     Tracking #: **399633**