**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| RADHA GEISMANN, M.D., P.C., individually and on behalf of all others similarly-situated, | Case No. 4:19-cv-00676 HEA |
| Plaintiff, | |
| v. | |
| ~~TIMM MEDICAL TECHNOLOGIES, INC.,~~ | |
| POS-T-VAC, LLC, | HOLD SERVICE |
| and JOHN DOES 2-10, | HOLD SERVICE |
| Defendants. | |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff, RADHA GEISMANN, M.D., P.C. ("Plaintiff"), brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, POS-T-VAC, LLC and JOHN DOES 2-10 ("Defendants"):

**PRELIMINARY STATEMENT**

1. This case challenges Defendants' practice of sending unsolicited facsimiles.

2. The federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005 ("JFPA"), 47 USC § 227 (hereafter "TCPA" or the "Act"), and the regulations promulgated under the Act, prohibit a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission. The TCPA provides a private right of action and provides statutory damages of $500 per violation. On or about June 2, 2015, Defendants sent Plaintiff an unsolicited

fax advertisement in violation of the TCPA ("the Fax"), a true and correct copy of which is attached hereto as <u>Exhibit A</u>, and made a part hereof. Upon information and belief, Defendant has sent the Fax and other facsimile transmissions of unsolicited advertisements to Plaintiff and the Class in violation of the TCPA. The Fax describes the commercial availability or quality of Defendants' property, goods or services, namely, a complete line of affordable OTC Vacuum Erection Devices. (See Exhibit A.) The Fax goes on to describe the availability and quality of Defendants' OTC Vacuum Erection Devices. (*Id*.) Plaintiff alleges on information and belief that Defendants have sent, and continue to send, unsolicited advertisements via facsimile transmission in violation of the TCPA, including but not limited to the advertisement sent to Plaintiff.

3. Unsolicited faxes damage their recipients. A advertising fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A advertising fax intrudes into the recipient's seclusion and violates the recipient's right to privacy. Unsolicited faxes occupy fax lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA. Plaintiff seeks to certify a class which were sent the Fax and other unsolicited fax advertisements that were sent without prior express invitation or permission and without compliant opt-out language (to the extent the affirmative defense of established business relationship is alleged). Plaintiff seeks statutory damages for each violation of the TCPA and injunctive relief.

5. Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative facts because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory, namely liability under the TCPA. This action seeks relief expressly authorized by the TCPA: (i) injunctive relief enjoining Defendants, their employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the TCPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the TCPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act in the event willfulness in violating the TCPA is shown.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7. This court has personal jurisdiction over Defendants because Defendants transact business within this judicial district, have made contacts within this judicial district, and/or have committed tortious acts within this judicial district.

## PARTIES

8. Plaintiff, RADHA GEISMANN, M.D., P.C., is a Missouri Professional Corporation.

9. On information and belief, Defendant, POS-T-VAC, LLC, is a Delaware corporation formerly known as POS-T-VAC, INC. with their principal place of business in Kansas.

## FACTS

10. On or about June 2, 2015, Defendants sent an unsolicited facsimile to Plaintiff using a telephone facsimile machine, computer, or other device.  See Exhibit A.

11. The Fax announces on page 2 that "As of July 1, 2015 Medicare is no longer reimbursing for Vacuum Erection Devices.  VED's were the last treatment option covered for ED.

3

> Your patients are still looking for treatment even though CMS has discontinued reimbursement.  Men will still want to regain their intimate lifestyle.   Pos-T-Vac Medical has a complete line of affordable OTC Vacuum Erection Devices to meet their needs.  Both manual and battery powered are available.  Please call 855-440-6661 to order or for more information." Exhibit A.

12. The Fax advertises the commercial availability and quality of Defendant's OTC Vacuum Erection Devices.

13. Defendants created or made Exhibit A, or directed a third party to do so, and Exhibit A was sent by or on behalf of Defendants with Defendants' full knowledge and authorization.

14. On information and belief, Defendants receive some or all of the revenues from the sale of the services advertised on Exhibit A, and Defendants profit and benefit from the sale of said services advertised on Exhibit A.

15. Plaintiff did not give Defendants "prior express invitation or permission" to send the fax.

16. On information and belief, Defendants faxed the same and other unsolicited facsimiles advertisements without the required opt-out language to Plaintiff and at least 40 other recipients or sent the same and other advertisements by fax with the required opt-out language but without first receiving the recipients' express invitation or permission and without having an established business relationship as defined by the TCPA and its regulations.

17. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized fax advertisements. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

18. On information and belief, Defendants sent multiple facsimile advertisements to Plaintiff and members of the proposed classes throughout the time period covered by the class definitions.

19. On information and belief, Defendants faxed the same and other facsimile advertisements to the members of the proposed classes in Missouri and throughout the United States without first obtaining the recipients' prior express permission or invitation.

20. Defendants engaged in the transmissions of facsimile advertisements, including Exhibit A believing such transmissions were legal based on Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

21. Defendants did not intend to send transmissions of facsimile advertisements, including Exhibit A to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

22. Defendants' facsimile attached as Exhibit A does not display a proper opt-out notice as required by 47 C.F.R. § 227(b)(1)(C) and  47 C.F.R. § 64.1200(a)(4).

## COUNT I
## TCPA CLASS ACTION ALLEGATIONS

23. In accordance with Fed. R. Civ. P. 23(b)(3), Plaintiff brings this class action pursuant to the TCPA, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages the same or similar to the Fax.

5

Excluded from the Class are Defendants, their employees, agents and members of the Judiciary. Plaintiff seeks to certify a class which include, but are not limited to, the fax advertisements sent to Plaintiff. Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

24. <u>Class Size (Fed. R. Civ. P. 23(a)(1))</u>: Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Plaintiff Class is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is at least forty.

25. <u>Commonality (Fed. R. Civ. P. 23(a)(2)):</u> Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

 (a) Whether the Fax and other faxes sent during the class period constitute advertisements under the TCPA and its implementing regulations;

 (b) Whether Defendants meet the definition of "sender" for direct TCPA liability, meaning a "person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement," 47 C.F.R. § 64.1200(f)(10);

 (c) Whether Defendants had prior express invitation or permission to send Plaintiff and the class fax advertisements;

 (d) Whether the Fax(es) contain an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

6

    (e)    Whether Defendants should be enjoined from faxing advertisements in the future;

    (f)    Whether Plaintiff and the other members of the class are entitled to statutory damages; and

    (g)    Whether the Court should award treble damages.

26. <u>Typicality (Fed. R. Civ. P. 23 (a) (3))</u>: Plaintiff's claims are typical of the claims of all class members. Plaintiff received the same or similar faxes as the faxes sent by or on behalf of Defendants advertising the commercial availability or quality of Defendants' property, goods, or services during the Class Period. Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal statute. Defendants have acted in the same or in a similar manner with respect to Plaintiff and all the class members by sending Plaintiff and each member of the class the same or similar faxes or faxes which did not contain the proper opt-out language or were sent without prior express invitation or permission.

27. <u>Fair and Adequate Representation (Fed. R. Civ. P. 23 (a) (4))</u>: Plaintiff will fairly and adequately represent and protect the interests of the class. It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

28. <u>Predominance and Superiority (Fed. R. Civ. P. 23 (b) (3))</u>: Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

    (a)    Proof of the claims of Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

(b) Evidence regarding defenses or any exceptions to liability that Defendants may assert and attempt to prove will come from Defendants' records and will not require individualized or separate inquiries or proceedings;

(c) Defendants have acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

(d) The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

(e) This case is inherently manageable as a class action in that:

(i) Defendants identified persons to receive the fax transmissions and it is believed that Defendants' and/or Defendants' agents' computers and business records will enable Plaintiff to readily identify class members and establish liability and damages;

(ii) Liability and damages can be established for Plaintiff and the class with the same common proofs;

(iii) Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv) A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

(v) A class action will contribute to uniformity of decisions concerning Defendants' practices; and

(vi) As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

8

**Claim for Relief for Violation of the TCPA, 47 U.S.C. § 227** *et seq.*

29. The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . . ." 47 U.S.C. § 227(b)(1)(C).

30. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227 (a) (5).

31. **Opt-Out Notice Requirements.** The TCPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in § (b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

    (1)    A statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

    (2)    A statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

    (3)    A statement advising the recipient that he or she may opt-out with respect to all of his or her facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or her fax machines;

9

  (4) The opt-out language must be conspicuous.

The requirement of (1) above is incorporated from § (b)(D)(ii) of the Act. The requirement of (2) above is incorporated from § (b)(D)(ii) of the Act and the rules and regulations of the Federal Communications Commission (the "FCC") in ¶ 31 of its 2006 Report and Order, 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (3) above are contained in § (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via § (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon the owners of the telephone lines and fax machines giving them the right, and means, to stop unwanted faxed advertisements.

32. **2006 FCC Report and Order.** The TCPA, in § (b)(2) of the Act, directed the FCC to implement regulations regarding the TCPA, including the TCPA's Opt-Out Notice Requirements and the FCC did so in its 2006 Report and Order, which in addition provides among other things:

  A. The definition of, and the requirements for, an established business relationship for purposes of the first of the three prongs of an exemption to liability under § (b)(1)(C)(i) of the Act and provides that the lack of an "established business relationship" precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 8-12 and 17-20);

  B. The required means by which a recipient's facsimile telephone number must be obtained for purposes of the second of the three prongs of the exemption under § (b)(1)(C)(ii) of the Act and provides that the failure to comply with these requirements

10

precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 13-16);

   C.   The things that must be done in order to comply with the Opt-Out Notice Requirements for the purposes of the third of the three prongs of the exemption under § (b)(1)(C)(iii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 24-34);

   D.   The failure of a sender to comply with the Opt-Out Notice Requirements precludes the sender from claiming that a recipient gave "prior express invitation or permission" to receive the sender's fax (*See* Report and Order ¶ 48).

   As a result thereof, a sender of a faxed advertisement who fails to comply with the Opt-Out Notice Requirements has, by definition, transmitted an unsolicited advertisement under the TCPA. This is because such a sender can neither claim that the recipients of the faxed advertisement gave "prior express invitation or permission" to receive the fax nor can the sender claim the exemption from liability contained in § (b)(C)(1) of the Act.

33. **The Fax**. Defendants sent the Fax on or about June 2, 2015, via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone lines and facsimile machines of Plaintiff and members of the Plaintiff Class. The Fax constituted an advertisement under the Act and the regulations implementing the Act. Defendants failed to comply with the Opt-Out Requirements in connection with the Fax. The Fax was transmitted to persons or entities without their prior express invitation or permission and/or Defendants are precluded from asserting any prior express invitation or permission or that Defendants had an established business relationship with Plaintiff and other members of the class, because of the failure to comply with the Opt-Out Notice

11

Requirements. By virtue thereof, Defendants violated the TCPA and the regulations promulgated thereunder by sending the Fax via facsimile transmission to Plaintiff and members of the Class. Plaintiff seeks to certify a class which includes this Fax and all others sent during the four years prior to the filing of this case through the present.

34. **Defendants' Other Violations.** Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendants have sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Plaintiff Class other faxes that constitute advertisements under the TCPA and its implementing regulations that were transmitted to persons or entities without their prior express invitation or permission (and/or that Defendants are precluded from asserting any prior express invitation or permission or that Defendants had an established business relationship because of the failure to comply with the Opt-Out Notice Requirements in connection with such transmissions). By virtue thereof, Defendants violated the TCPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendants may be continuing to send unsolicited advertisements via facsimile transmission in violation of the TCPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

35. The TCPA provides a private right of action to bring this action on behalf of Plaintiff and the Plaintiff Class to redress Defendants' violations of the Act, and provides for statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate. *Id.*

36. The TCPA is a strict liability statute, so Defendants are liable to Plaintiff and the other class members even if its actions were only negligent.

37. Defendants knew or should have known that (a) Plaintiff and the other class members had not given prior express invitation or permission for Defendants or anybody else to send faxes advertising the commercial availability or quality of Defendants' OTC Vacuum Erection Devices; (b) Plaintiff and the other class members did not have an established business relationship; (c) Defendants transmitted advertisements;  (d) the Fax did not contain the required Opt-Out Notice; and (e) Defendants' transmission of advertisements that did not contain the required opt-out notice or were sent without prior express invitation or permission was unlawful.

38. Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' advertising faxes caused Plaintiff and the other recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' faxes used Plaintiff's and the other class members' telephone lines and fax machine. Defendants' faxes cost Plaintiff and the other class members time, as Plaintiff and the other class members and their employees wasted their time receiving, reviewing and routing Defendants' unauthorized faxes. That time otherwise would have been spent on Plaintiff's and the other class members' business or personal activities. Defendants' faxes intruded into Plaintiff's and other class members' seclusion and violated their right to privacy, including their interests in being left alone.  Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of Defendants' advertisements occurred outside of Defendants' premises.

WHEREFORE, Plaintiff, RADHA GEISMANN, M.D., P.C., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, POS-T-VAC, LLC and JOHN DOES 2-10, jointly and severally, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater, and that the Court award treble damages of $1,500.00 if the violations are deemed "willful or knowing";

C.     That Court enjoin Defendants from additional violations; and

D.     That the Court award pre-judgment interest, costs, and such further relief as the Court may deem just and proper.

## COUNT II
## CONVERSION

39. Plaintiff incorporates Paragraphs 2, 3, 6-10, 13, and 17 – 21 as for its paragraph 39.

40. Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons who on or after five years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendants with respect to whom Defendants cannot provide evidence of prior express permission or invitation.

41. A class action is proper in that:

    a.     On information and belief the class is so numerous that joinder of all members is impracticable.

    b.     There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

14

        i.        Whether Defendants engaged in a pattern of sending unsolicited faxes;

        ii.       Whether Defendants sent faxes without obtaining the recipients' prior express permission or invitation of the faxes;

        iii.      The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxes;

        iv.      Whether Defendants committed the tort of conversion; and

        v.       Whether Plaintiff and the other class members are entitled to recover actual damages and other appropriate relief.

c.     Plaintiff's claims are typical of the other class members.

d.     Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

e.     A class action is the superior method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

42. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

43. A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of the individual class members in individually controlling the

15

prosecution of separate claims is small and individual actions are not economically feasible.

44. By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

45. Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other class members owned an unqualified and immediate right to possession of their fax machine, paper, toner, and employee time.

46. By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use.  Such misappropriation was wrongful and without authorization.

47. Defendants knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

48. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of the sending of unsolicited fax advertisements from Defendants.

49. Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' unlawful faxes.  Defendants knew or should have known employees' time is valuable to Plaintiff.

50.  Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner as a result.  Defendants' actions prevented Plaintiff's fax machines from being used

for Plaintiff's business purposes during the time Defendants was using Plaintiff's fax machines for Defendants' unlawful purpose.  Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unlawful faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, RADHA GEISMANN, M.D., P.C., individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, POS-T-VAC, LLC and JOHN DOES 2-10, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award appropriate damages;

C. That the Court award costs of suit; and

D. Awarding such further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Max G. Margulis
Max G. Margulis, #24325MO
MARGULIS LAW GROUP
28 Old Belle Monte Road
Chesterfield, MO 63017
Phone: (636) 536-7022 – Residential
Fax:  (636) 536-6652 - Residential
Email: MaxMargulis@MargulisLaw.com

**Attorney for Plaintiff RADHA GEISMANN, M.D., P.C.**

Brian J. Wanca, #3126474IL
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Phone: (847) 368-1500
Fax: (847) 368-1501
Email: bwanca@andersonwanca.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 20th day of May, 2019, I submitted the foregoing via this Court's CM/ES system, which served notice of the filing on the Attorneys for Defendant, and Eric M. Walter #47297MO, Jonathan R. Shulan #65426MO, ARMSTRONG TEASDALE LLP, 7700 Forsyth Blvd., Suite 1800, St. Louis, Missouri 63105, Phone (314) 621-5070, Fax: (314) 621-5065, Email: ewalter@armstrongteasdale.com, jshulan@armstrongteasdale.com and Ezra D. Church (*pro hac vice* forthcoming), MORGAN, LEWIS & BOCKIUS LLP, 1701 Market Street, Philadelphia, Pennsylvania 19103, Phone: (215) 963-5000, Email: ezra.church@morganlewis.com.

                                                      /s/   Max G. Margulis

*Geismann*

350 a    X

# FAX

| Date: | 06/02/2015 |
|---|---|
| Pages including cover sheet: | 2 |

| To: | +13148729174 |
|---|---|
| | |
| | |
| | |
| | |
| Phone | |
| Fax Number | +13148729174 |

| From: | Jenifer Schrock |
|---|---|
| | Pos-T-Vac Medical |
| | 500 Park St |
| | DODGE CITY |
| | KS           67801 |
| | |
| Phone | (877) 488-8390 * 101 |
| Fax Number | (877) 488-8390 |

**NOTE:**

Medicare Changes

# POS-T-VAC MEDICAL




## MEDICARE STOPS COVERAGE

As of July 1, 2015 Medicare is no longer reimbursing for Vacuum Erection Devices. VED's were the last treatment option covered for ED. Your patients are still looking for treatment even though CMS has discontinued reimbursement. Men will still want to regain their intimate lifestyle.

Pos-T-Vac Medical has a complete line of affordable OTC Vacuum Erection Devices to meet their needs. Both manual and battery powered are available. Please call 855-440-6661 to order or for more information.

Our preferred online provider:
- rejoynmedical.com

Also available at:
- postvac.com
- drugstore.com
- walgreens.com

Thank you,
Jennifer Schrock
General Manager

(More information available upon request.)



500 Park Street
Dodge City, KS 67801
Ph: 800-279-7434
www.postvac.com

**EXHIBIT A - pg 2**